THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

The United States of America,

        Plaintiff.

v.

Derek Edward Benedict (01),
Lyle Robert Carpenter (02),
Julia Jean Julien (03),
Jennifer Suzann Stanley (07),

        Defendants.

Case No. 13-150 (SRN/FLN)

**REPORT AND RECOMENDATION**

_____

Surya Saxena, Assistant United States Attorney, for Plaintiff.
Thomas Dunnwald for Defendant Derek Edward Benedict.
David Izek for Defendant Lyle Robert Carpenter
Patrick Leach for Defendant Julia Suzann Julien
Andrew Pearson for Defendant Jennifer Jean Stanley

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on July 17, 2013 on Defendants' pretrial and suppression motions. The motions addressed in this Report and Recommendation (R&R) include (1) Defendant Benedict's motion to suppress statements (ECF No. 150), (2) Defendant Benedict's motion to suppress evidence (ECF No. 151)[1] and (3) Defendant Carpenter's motion to suppress statements and physical evidence (ECF No. 87).[2] For

---

[1] Defendant Benedict's motion for additional disclosure of electronic surveillance (ECF No. 154) will not be addressed in this R&R and should be denied as moot. At the hearing there was some confusion about whether all relevant electronic surveillance information was disclosed to Benedict and his counsel. The Court instructed the parties to consult and granted Benedict until July 29 to file any additional motions related to electronic surveillance he deemed necessary. No such motions were filed. The Court therefore concludes the original motion is moot.

[2] At the hearing it was agreed that Defendants Stanley and Julien's motions to suppress (ECF Nos. 99 and 120) were moot. The Court will therefore not discuss them in this R&R and recommends they be denied as moot.

the reasons that follow, this Court recommends that Defendant Benedict's motions be **DENIED** and that Defendant Carpenter's motion be **GRANTED in part** and **DENIED in part**.

## I.  BACKGROUND

This case involves eight defendants who allegedly conspired to burglarize multiple commercial businesses and residences from 2009–2013. ECF No. 1. The government's ten-count indictment alleges that the defendants stole tens of thousands of dollars from ATM machines in Minnesota and, among other things, conspired to steal controlled substances. *Id.* Residential, automobile and person search warrants were granted and executed on Defendants Benedict and Carpenter. Both were detained in June 2013. At the hearing, the government offered testimony from Special Agents Glenn Bona and Matthew Parker.

### A. Testimony of Special Agent Glenn Bona

Bona serves as a Special Agent with the criminal division of the Internal Revenue Service (IRS). His involvement in this case was minimal, but he was present for the execution of the search warrants on Benedict. Bona testified that approximately twelve officers (Secret Service and other special agents) arrived at Benedict's home around 8:30 p.m. on June 9, 2013. The agents knocked on Benedict's door. After some time passed and no one answered, the agents forcibly entered the residence. Benedict was inside and was placed in handcuffs while the residence was secured.

Bona testified that he cleared the upstairs and then returned to the living room to stay with Benedict while the other officers executed the search. Bona removed Benedict's handcuffs and explained to him that the officers were there to execute a warrant related to burglary activity. Benedict informed Bona that he was represented by counsel. Bona explained to Benedict that he was not under arrest, that he would not be read his rights and that he was free to leave as long as

he did not return while the officers were conducting the search. Bona could not recall if Benedict asked to leave in his vehicle. He testified that he thought another officer informed Benedict that he could use the vehicle once officers finished searching it. Bona could not recall if Benedict's car was blocked by the officers' cars.

Conversation between Bona and Benedict ensued thereafter and lasted for the duration of the residential search (nearly three hours). Bona testified that he did not ask Benedict any specific questions about the investigation. However, their "small talk" included conversation about historical criminal figures, golf and other random topics. Bona testified that Benedict made at least two incriminating spontaneous utterances. One statement was similar to "this is my own fault for being lazy" and the other was in regard to "needing a tight crew."

### B. Testimony of Special Agent Matthew Parker

Parker serves as a Special Agent with the Federal Bureau of Investigation (FBI). Parker testified that in October 2009 he interviewed Defendant Carpenter in connection with a Ramsey County investigation into a string of burglaries. Parker gave Carpenter a brief overview of the case, including its federal components. Then Parker's interview partner, a St. Paul Police Officer, read Carpenter his Miranda rights. Carpenter initialed and signed a pre-printed waiver form. This form and a video of the interview were submitted as exhibits at the hearing.

### I. ANALYSIS

#### A. Defendant Benedict's motions.

Defendant Benedict argues that the statements he made to Special Agent Bona during the search of his residence were taken in violation of the Fifth Amendment and should be suppressed. He also argues that all physical evidence seized was taken in violation of the Fourth Amendment. The Government contends that his statements were voluntary and that probable

cause supported issuance of all three search warrants. The Court agrees with the Government and recommends Benedict's motions be denied.

### 1. Benedict's statements to Agent Bona were voluntary.

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." In *Miranda v. Arizona* the Supreme Court concluded that four specific *Miranda* warnings[1] were necessary prior to custodial interrogation to "assure that the individual's right to choose between silence and speech remain unfettered throughout the interrogation process." *Miranda v. Arizona*, 384 U.S. 436, 469 (1966). However, Miranda protections are only triggered when a defendant is both in custody and being interrogated. *United States v. Hatten*, 68 F.3d 257, 261 (8th Cir. 1995). For the reasons that follow, the Court concludes that Benedict was in custody, but that he was not interrogated. Thus, to the extent he made incriminating statements to Special Agent Bona, they were voluntary and should not be suppressed.

A defendant is "in custody" when he is either formally arrested or restrained to a degree comparable to a formal arrest. *California v. Beheler*, 463 U.S. 1121, 1125 (1983). Restraint should be deemed equivalent to an arrest when a reasonable person under similar circumstances would have understood the situation to be an arrest. *Berkemer v. McCarty*, 468 U.S. 420, 442 (1984). The Eight Circuit has developed a nonexclusive six-factor test for determining whether a defendant is in custody. These factors are (1) whether the defendant was informed that questioning was voluntary and that the defendant was free to leave; (2) whether the defendant had freedom of movement during questioning; (3) whether the defendant initiated contact with

---

[1] The four warnings include (1) you have the right to remain silent; (2) anything you say can and will be used against you in a court of law; (3) you have the right to an attorney; and (4) if you cannot afford an attorney, one will be provided for you. *Miranda*, 384 U.S. at 478-79.

4

authorities or voluntarily acquiesced to questioning; (4) whether officers employed coercive or deceptive tactics during questioning; (5) whether the atmosphere of questioning was dominated by officers; and (6) whether the defendant was arrested after questioning. *United States v. Griffin*, 922 F.2d 1343, 1349 (8th Cir. 1990).

Here, more than a dozen officers forcibly entered Benedict's home, initially handcuffed him and then searched the residence for three hours. After the handcuffs were removed, Special Agent Bona stayed with Benedict for the duration of the residential search. Based on Bona's testimony, it appears that Benedict asked if he could leave in his vehicle and was told that he could once the vehicle search was complete. However, Bona's testimony was ambiguous as to whether Benedict's vehicle was blocked in by the officers' cars. Under these circumstances, the Court concludes that a reasonable person in Benedict's position would not have felt free to leave. Benedict was in custody.

However, the Court concludes that Benedict was not interrogated. Interrogation must reflect "a measure of compulsion above and beyond that inherent in custody itself." *R.I. Innis*, 446 U.S. 291, 300 (1980). Specifically, interrogation includes direct questioning and any action by the police that they know is likely to elicit an incriminating response. *Id.* at 301. In the record before the Court, there is nothing to suggest that the conversation between Benedict and Bona was anything more than "small talk," as characterized by Bona. Absent evidence to the contrary, the Court cannot conclude that Benedict was interrogated. Therefore, Benedict's motion to suppress statements should be denied.

### 2. Probable cause supported the search warrants issued against Benedict's person, residence and vehicle.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.

Typically, police must obtain a warrant before conducting a search. *Maryland v. Dyson*, 527 U.S. 465, 466 (1999). A search warrant must be supported by probable cause and must be approved by a neutral and detached magistrate. *Warden v. Hayden*, 387 U.S. 294, 301-302 (1967). Probable cause exists when there are sufficient facts to justify a prudent person's belief "that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Courts reviewing a decision to issue a search warrant give great deference to the decision to issue the warrant and "due weight to inferences drawn" by issuing judges and local law enforcement. *Orneals v. United States*, 517 U.S. 690, 699 (1996).

After review of the four corners of the search warrant and affidavit presented in this case, the Court concludes that there was probable cause to believe that evidence of crimes alleged would be found on Benedict's person, in his vehicle and at his residence. *See* Gov. Ex.'s 1-4. For example, the affidavit in support of the warrant applications recounts details of an investigation that started in 2009. The investigators interviewed and received detailed information from four cooperating defendants (CD). Each CD gave the investigators a detailed description of how the defendants would plan and execute burglaries. Each CD also gave a detailed list of the burglaries they participated in with those being investigated, including Benedict and Carpenter.

The investigators also reviewed numerous store surveillance videos that showed Benedict, Carpenter and CDs surveying stores to be robbed and taking physical actions in stores to prepare for the burglaries. The CDs identified both Benedict and Carpenters vehicles and indicated that they communicated by cell phone to coordinate the burglaries. Eventually CD2 recorded some meetings with Benedict and Carpenter where they discussed stealing cash from an ATM and conversed about a previous ATM burglary. Based on this extensive investigation

recounted in the affidavit there was probable cause to believe that financial statements, electronics (cell phones and computers), burglary tools and other items that were approved to be seized would be found in the areas approved for search. Accordingly, this Court recommends that Benedict's motion to suppress evidence seized be denied.

### B. Defendant Carpenter's motions to suppress.

Defendant Carpenter argues that the statements made to Special Agent Parker were taken in violation of his Fifth and Sixth Amendment rights and should therefore be suppressed. He also argues, like Benedict, that all physical evidence seized was taken in violation of his Fourth Amendment rights. The Government argues that the statements they plan to use at trial from Carpenter's 2009 custodial interview were given after a knowing and voluntary Miranda waiver. And, as with the physical evidence seized from Benedict, the Government contends the warrants secured to search Carpenter's person, residence and vehicle were supported by probable cause. The Court agrees with the Government and recommends Carpenter's motion be denied.

#### 1. Carpenter's post-Miranda waiver statements are admissible.

Carpenter's motion to suppress the 2009 statements he made after waiving his Miranda rights must be denied because he gave a valid waiver of his Miranda rights.[3] Criminal defendants may waive their Miranda rights, but must do so "voluntarily, knowingly and intelligently." *Id.* at

---

[3] Before securing Carpenter's Miranda waiver at the 2009 custodial interrogation, Special Agent Parker and his partner explained the status of the case to Carpenter. During that process, Parker told Carpenter to remain silent until after they read him his Miranda rights. Nevertheless, Carpenter made several statements before he voluntarily waived his Miranda rights. The incriminating nature of these statements is debatable and neither party specifically addresses them. However, to the extent the Government seeks to introduce Carpenter's pre-Miranda statements at trial, Carpenter's motion should be granted and those statements should be suppressed. *Ore. v. Elstad*, 470 U.S. 298, 309 (1985) (holding that an unwarned admission must be suppressed while post–Miranda statements are admissible if knowing and voluntary.). The factual circumstances of this case do not rise to the level of a "two-step" interrogation addressed in *Missouri v. Seibert* because Parker specifically told Carpenter to remain silent and Parker did not ask him any direct questions during the case overview. 542 U.S. 600 (2004). However, Carpenter was in custody and the Court concludes that a reasonable officer in Parker's position would have known that certain characterizations he made about the case during the overview were likely to elicit an incriminating response. *See R.I. Innis*, 446 U.S. 291, 300 (1980).

444. A valid *Miranda* waiver has two distinct dimensions: (1) it "must have been voluntary in the sense that it was the product of free and deliberate choice rather than intimidation, coercion, or deception" and (2) the suspect must have waived his rights "with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *United States v. Vinton*, 631 F.3d 476, 483 (8th Cir. 2011) (quoting *Moran v. Burbine*, 475 U.S. 412, 421, 106 S. Ct. 1135, 89 L. Ed. 2d 410 (1986). The totality of the circumstances must demonstrate a "requisite level of comprehension" of the rights being waived. *Colorado v. Spring*, 479 U.S. 564, 573 (1987). The Government has the burden of proving, by a preponderance of the evidence, that Carpenter made a valid waiver of his *Miranda* rights. *Miranda*, 384 U.S. at 473.

In this case Carpenter gave a knowing and intelligent waiver of his Miranda rights. The Court has reviewed the videotape of his interview and the Miranda waiver form that he signed before direct interrogation began. *See* Gov. Ex's 8 and 9. Carpenter appears alert and coherent during the interview and he did not hesitate in initialing and signing the waiver form. Special Agent Parker and his partner did not use coercion or deception to persuade Carpenter to sign the Miranda waiver form. For these reasons, Carpenter's motion to suppress his 2009 statement should be denied.

### 2. Probable cause supported the search warrants issued against Benedict's person, residence and vehicle.

Carpenter's motion to suppress evidence should be denied for the same reasons that Benedict's motion to suppress evidence should be denied. The supporting affidavit is the same and there was probable cause to believe that the items sought would be on his person, in his vehicle or in his residence. *See* Gov. Ex.'s 1 and 5–7.

## II. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Benedict's motions to suppress (ECF Nos. 150 and 151) be should **DENIED.**

2. Defendant Benedict's motion for disclosure of electronic surveillance (ECF No. 154) should be **DENIED as moot.**

3. Defendant Carpenter's motion to suppress statements and evidence (ECF No. 87) should be **GRANTED in part** and **DENIED in part**, as follows:

   A. To the extent Carpenter seeks to suppress his 2009 pre–Miranda statements, the motion should be **GRANTED**.

   B. In all other respects, Carpenter's motion should be **DENIED**.

4. Defendant Stanley's motion to suppress (ECF No. 99) should be **DENIED as moot**.

5. Defendant Julien's motion to suppress (ECF No. 120) should be **DENIED as moot**.


DATED: August 6, 2013                              *s/Franklin L. Noel*
                                                   FRANKLIN L. NOEL
                                                   United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 21, 2013,** written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **August 21, 2013,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.