# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Lyle Robert Carpenter,<br><br>Defendant. | Case No. 13-cr-150(2)(SRN/FLN)<br><br>**AMENDED MEMORANDUM<br>OPINION AND ORDER** |

Katherine T. Buzicky & Surya Saxena, United States Attorney's Office, 300 South 4th St., Ste. 600, Minneapolis, MN 55415, for Plaintiff.

Lyle Robert Carpenter, #17051-041, FCI Yazoo City Medium, P.O. Box 5000, Yazoo City, MS 39194, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Lyle Robert Carpenter's Pro Se Motion to Vacate, Set Aside, or Correct the Sentence Imposed Pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") [Doc. No. 585]. Based on a review of the files, records and proceedings herein, and for the reasons set forth below, the Court denies Defendant's § 2255 Motion.

I.  **Background**

On June 10, 2012, Defendant was charged, along with six other defendants, with: 1) conspiracy to commit bank burglary in violation of 18 U.S.C. §§ 2113(a), 2113(b), and 2314; 2) conspiracy to steal controlled substances in violation of 18 U.S.C. §§ 2118(d)

and 2118(b); 3) two counts of bank burglary in violation of 18 U.S.C. § 2113(a); 4) two counts of bank larceny in violation of 18 U.S.C. § 2113(b); 5) two counts of burglary involving a controlled substance in violation of 18 U.S.C. § 2118(b)(1); 6) credit union burglary in violation of 18 U.S.C. § 2113(a); and 7) interstate transportation of stolen property in violation of 18 U.S.C. § 2314. (Indictment at 1–12 [Doc. No. 1].) Defendant went to trial and was convicted on all counts. (Jury Verdict [Doc. No. 343].)

At his December 2014 sentencing hearing, this Court found Defendant qualified as a career offender based partially on his prior Minnesota burglary convictions, and sentenced him to a prison term of 210 months. (Sentencing J. at 2 [Doc. No. 513].)

Defendant and his co-defendant Derek Benedict appealed their sentences. *United States v. Benedict*, 815 F.3d 377 (2016) ("*Benedict I*"). Mark Nyvold, Defendant's counsel, represented Carpenter both at sentencing and throughout all of his appeals. In *Benedict I*, Defendant argued that he should be resentenced due to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Id.* at 385–86. The Eighth Circuit affirmed Defendant's Career Offender sentence based on its prior decision in *United States v. Stymiest*, 581 F.3d 759, 769 (8th Cir. 2009), which held that commercial burglary both qualified as a crime of violence under the residual clause and alternatively, under U.S.S.G. § 4B1.2(a)(2) as an enumerated offense even though it is not specifically listed therein. *Id.*

Defendant and his co-defendant Benedict next filed a petition for rehearing *en banc*, which was granted. *United States v. Benedict*, 855 F.3d 880 (2017) ("*Benedict II*"). In light of *Beckles v. United States*, 137 S.Ct. 886 (2017), in which the Supreme Court

clarified that the Career Offender Guidelines are not subject to the same constitutional vagueness challenges addressed in *Johnson* regarding the residual clause under the Armed Career Criminal Act ("ACCA"), the Eighth Circuit affirmed. *Id.* at 890. The Eighth Circuit further noted that, although the Sentencing Commission removed the residual clause from U.S.S.G. § 4B1.2(a)(2) in 2016, that removal could not apply retroactively to Defendant's 2014 sentence. *Id.* at 888–89. Defendant then filed a petition for writ of certiorari, which was denied on October 10, 2017. *Carpenter v. United States*, No 17-5812, 138 S.Ct. 341 (Oct. 10, 2017).

In this § 2255 Motion, Carpenter argues that he received ineffective assistance of counsel stemming from Mr. Nyvold's alleged failure to argue on appeal that the Defendant's burglary convictions should not count as predicate "crimes of violence" under U.S.S.G. § 4B1.2(a)(2). (*See* Def's § 2255 Mot. at 4 (citing *Mathis v. United States*, 136 S. Ct. 2243 (2016); *Johnson*, 135 S. Ct. 2551; *United States v. McArthur*, 850 F.3d 925, 938 (8th Cir. 2017).)

## II. Discussion

### A. Legal Standard

Under § 2255,

[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). This relief is only available in limited circumstances and is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). Petitioner bears the burden of proof as to each ground for relief. *Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969).

In order to obtain relief for ineffective assistance of counsel, Defendant must establish both that his counsel's performance "fell below an objective standard of reasonableness" and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Defendant bears the burden of establishing to a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. *Id.*

Proof of ineffective assistance of counsel is a "heavy burden," *Apfel*, 97 F.3d at 1076, requiring a defendant to show that the deficiency in counsel's performance was "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687. A defendant must show that counsel's errors were not the result of "reasonable professional judgment." *Id.* at 690. Moreover, a court's review of counsel's performance is highly deferential, and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

### B. Ineffective Assistance of Counsel

Defendant argues that Mr. Nyvold provided ineffective assistance of counsel to Defendant on appeal because he failed to argue that Defendant's burglary convictions should not count as predicate "crimes of violence" under U.S.S.G. § 4B1.2(a)(2).

First, Mr. Nyvold *did* advance a *Johnson* argument before the Eighth Circuit, the *en banc* panel, and in a petition for writ of certiorari to the Supreme Court. As the Supreme Court held in *Beckles*, and the Eighth Circuit ruled in *Benedict II*, *Johnson*'s holding that the ACCA's residual clause was unconstitutionally void for vagueness is not applicable to the Career Offender Guidelines' residual clause. *Beckles*, 137 S.Ct. at 897; Benedict *II*, 855 F.3d at 890. The argument raised by Carpenter here, therefore, runs counter to established Supreme Court precedent. Accordingly, Mr. Nyvold's performance was not ineffective in this regard.

Second, Mr. Nyvold did not provide ineffective assistance when he allegedly failed to make arguments to the Eighth Circuit, the *en banc* panel, or in his petition for writ of certiorari based on *Mathis* or *McArthur*. *Mathis* has no bearing on the Career Offender Guidelines' residual clause. Moreover, *Mathis* had not yet been decided before Defendant's petition for rehearing *en banc* was submitted. (*See* Pet. for Rehearing *En Banc*, *Benedict II*, App. Case No. 15-1014, Mar. 14, 2016 [Doc. No. 4377654] at 16.)

Similarly, in *McArthur*, the Eighth Circuit held that a defendant's prior Minnesota convictions for third-degree burglary did not qualify as predicate "violent felonies" under the ACCA. 850 F.3d 925. Like *Mathis*, *McArthur* was decided after *Johnson*'s invalidation of the residual clause of the ACCA. *Id.* at 938. Mr. Nyvold could not have

5

rendered deficient performance by failing to advance a *McArthur* argument, or a similar one, as it had no bearing on the Career Offender Guidelines' residual clause.

Ultimately, because Mr. Nyvold's appellate arguments were not outside the bounds of "reasonable professional judgment," and Defendant has also not shown that but for counsel's alleged errors, the outcome would have been different, Defendant has not properly asserted an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 687, 690. Therefore, his ground for relief fails.

### C. Evidentiary Hearing

A petitioner is not entitled to a hearing on a § 2255 motion if "the motion and the files of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In particular, a petition can be dismissed without an evidentiary hearing if: "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted). As the allegations, if true, do not entitle Defendant to relief and the facts underlying Defendant's claims are not in dispute, no evidentiary hearing is warranted.

### D. Certificate of Appealability

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court has considered

whether the issuance of a certificate is appropriate here and finds that no issue raised is "debatable among reasonable jurists." *Fleiger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). Accordingly, the Court declines to issue a certificate of appealability.

**III. Order**

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Lyle Robert Carpenter's pro se motion pursuant to 28 U.S.C. § 2255 for an order of this Court to vacate, set aside, or correct his sentence [Doc. No. 585] is **DENIED**;

2. Defendant Lyle Robert Carpenter's request for an evidentiary hearing is **DENIED**; and

3. A Certificate of Appealability is **DENIED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 18, 2019            s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge